Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000347
31-MAY-2019
08:08 AM

NO. CAAP-17-0000347

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SHARON MATSUMOTO EBBO; AARON KWAN LEE; CHRISTY LEONARD;
KENNETH KEICHI MATSUMOTO; NORA MATSUMOTO; LM-602 FRONT
STREET L.L.C.; NM-602 FRONT STREET L.L.C.; PM-602 FRONT
STREET L.L.C.; RM-602 FRONT STREET L.L.C.,
Plaintiffs-Appellees,
v.
SGG, LLC; RJZ, LLC aka RZJ LLC, Defendants-Appellants,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50 and DOE GOVERNMENTAL
UNITS  1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0300(2))


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendants-Appellants, SGG, LLC, and RJZ, LLC, a.k.a.
RZJ LLC (collectively, **SGG**), appeal from the March 15, 2017 Final
Judgment in Favor of Plaintiffs [and] Against [SGG] (**Judgment**),
which was entered by the Circuit Court of the Second Circuit
(**Circuit Court**),[1] in favor of Plaintiffs-Appellees Sharon
Matsumoto Ebbo, Aaron Kwan Lee, Christy Leonard, Kenneth Keichi
Matsumoto, Nora Matsumoto, LM-602 Front Street LLC, NM-602 Front

_____

[1]    The Honorable Peter T. Cahill presided.

Street LLC, PM-602 Front Street LLC, and RM-602 Front Street LLC (collectively, **Ebbo**). SGG also challenges the Circuit Court's February 28, 2017 Findings of Fac[t], Conclusions of Law, and Order Granting Plaintiffs' Motion for Summary Judgment and for Declaratory Relief Filed July 1, 2016 and Denying Defendants' Motion for Summary Judgment Filed November 25, 2016 (**Summary Judgment Order**).

SGG asserts two related, but alternative, points of error on appeal, contending that the Circuit Court: (1) erred in concluding that the subject lease, as amended, is clearly and unambiguously a commercial lease of real property that included land and building, rather than concluding, as a matter of law, that the lease is a ground lease; or (2) erred in concluding that the subject lease, as amended, is not ambiguous, and the parol evidence rule barred the presentation of extrinsic evidence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve SGG's points of error as follows:

It is undisputed that Ebbo's and SGG's predecessors-in-interest entered into a lease (**Lease**), dated September 16, 1998, for approximately fifty percent BB 6.2(d) of a certain parcel of property, including the commercial building on that half of the property, which was located in Lahaina on Maui. It is also undisputed that the Lease was amended by an Amendment of Lease and Guaranty (**Amendment**), effective April 1, 2001.

Ebbo filed this declaratory relief action seeking a judicial declaration that the Lease, as amended, is a lease for both building and land, and not just a ground lease. It is undisputed that the Lease, prior to its amendment, was a lease for both building and land.

After the parties filed a Stipulation of Facts and Exhibits not in Dispute, which included, *inter alia*, the Lease and the Amendment, first Ebbo and then SGG filed motions for summary judgment. After a hearing, Ebbo's motion was granted and SGG's motion was denied, with the Circuit Court concluding in part that:

> 4. . . . After a review of the lease and amendments, the terms of the lease and amendments showed that this is a commercial lease of real property. In this case, even when viewed in the light most favorable to [SGG], the Court concludes that based upon the Court's review and interpretation of the lease and the amendments, the lease and amendments are not ambiguous. The lease and the amendments (particularly the Amendment) do not contain any provisions stating that the lease or amendments constitute a ground lease.
>
> . . . .
>
> 6. Even reviewing [SGG's] evidentiary challenge and arguments in a light most favorable to [SGG], there is nothing in the Amendment (Exhibit 3) that stated the September 11, 2008 [*sic*] [Lease] (Exhibit 1 to the Stipulated Facts and Exhibits) was now converted from a standard commercial lease to a ground lease. It is also undisputed that the Amendment contains no such language to state the commercial lease became a ground lease.
>
> 7. Since this Court has determined that there is no ambiguity in the Lease and amendments, the parol evidence rule applies in that any extrinsic evidence of the surrounding facts and circumstances existing prior to, contemporaneously with and subsequent to the execution of the Lease and amendments are not competent to contradict, defeat, modify or otherwise vary the meaning or legal effect of the Lease or amendments. <u>Midkiff vs. Castle & Cook, Inc.</u>, 45 Hawai'i 409, 421[,] 368 P.2d 887, 894 (1962).
>
> 8. . . . This Court finds that the [Ching] letter does not create a disputed issue of fact. It was not disputed that First Hawaiian Bank was only a co-trustee. However, there is no evidence indicating the bank representative [Ching] had the legal authority to bind the bank in its capacity as co-trustees and the other co-trustee. Since it

was not shown that this employee of First Hawaiian Bank had legal authority to bind the bank or other co-trustees or co-owners of the property, the letter did not create a disputed issue of fact.

9. Therefore, the facts and written documents clearly establish that the Lease and amendments are unambiguous in that they constitute a commercial lease and not a ground lease. This case may appropriately be disposed of by way of summary judgment on this record.

On appeal, SGG argues that the Circuit Court should have concluded, as a matter of law, that the Lease, as amended, is a ground lease. Alternatively, SGG contends that the Lease, as amended, is ambiguous, and the Circuit Court erred in granting summary judgment, rather than setting the case for an evidentiary hearing with consideration of parol evidence.

The interpretation of a lease provision is reviewed under the principles of contract law. See, e.g., Pancakes of Haw., Inc. v. Pomare Props. Corp., 85 Hawai'i 300, 304, 944 P.2d 97, 101 (1997). Contract terms are interpreted according to their plain, ordinary, and accepted sense in common speech. Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai'i 36, 45, 305 P.3d 452, 461 (2013). "The court's objective is 'to ascertain and effectuate the intention of the parties as manifested by the contract in its entirety.'" Id. (citation omitted). "[C]ourts should not draw inferences from a contract regarding the parties' intent when the contract is definite and unambiguous." State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc., 90 Hawai'i 315, 324, 978 P.2d 753, 762 (1999) (citation omitted).

A contract is ambiguous when its terms are reasonably susceptible to more than one meaning, and the court will look no further than the four corners of the contract to determine

4

whether an ambiguity exists. <u>Hawaiian Ass'n of Seventh-Day Adventists</u>, 130 Hawai'i at 45, 305 P.3d at 461; <u>see</u> <u>also</u> <u>State Farm Fire & Cas. Co.</u>, 90 Hawai'i at 324, 978 P.2d at 762 (noting that the parties' disagreement as to the meaning of a contract does not render it ambiguous). "The parol evidence rule 'precludes the use of extrinsic evidence to vary or contradict the terms of an unambiguous and integrated contract.'" <u>Hawaiian Ass'n of Seventh-Day Adventists</u>, 130 Hawai'i at 45, 305 P.3d at 461 (quoting <u>Pancakes of Haw., Inc.</u>, 85 Hawai'i at 310, 944 P.2d at 107). However, "[w]here there is any doubt or controversy as to the meaning of the language, the court is permitted to consider parol evidence to explain the intent of the parties and the circumstances under which the agreement was executed." <u>Id.</u> at 45-46, 305 P.3d at 461-62 (citing <u>Hokama v. Relinc Corp.</u>, 57 Haw. 470, 476, 559 P.2d 279, 283 (1977)).

Thus, we begin with the key language of the Lease and the Amendment. Article 1, Section 1.01(a) of the Lease provides:

<u>Premises</u>: The premises (the "Premises") consist of the property described in Exhibit "A" attached hereto and made a part hereof.

Address of the Premises is:   *Portion* of 113 Prison Street (approximately 50% of the land area with building consisting of former Chevron Service Station/Repair Shop, but excluding portion of property (approximately 50% or about 3,192 sq. ft.) currently leased to Lin Wa Cruises.

Any designations or indications of square feet specified in this lease are approximations only and none of the terms or the validity of this lease (including Lesser's pro rata share set forth below) shall be affected or impaired by any discrepancy which may exist between any designations of square feet specified in this lease and the actual number of square feet comprising the Premises.

Notably, Exhibit "A" to the Lease, identified in the Table of Contents of the Lease as a "Map or Diagram of Premises," appears to be an enlargement of a portion of a tax map. It shows a parcel number 47, which is located on a street corner, with the part of parcel that is facing the side street (Prison Street) and not facing the main street (Front Street) marked with hash marks. The other (unmarked) part of the parcel, which is facing the main street (Front Street) has the number 3,192 written on it.[2] At the bottom of the map, it states "TMK: 2/4-006-008-047 (Portion)" and indicates "50% Leased to [SGG's predecessor-in-interest]."

With respect to the leased premises, the Amendment states:

> WHEREAS, by that certain unrecorded Lease ("Lease") dated September 16, 1998, Lessors' predecessor in interest demised and leased to Lessee, all of that certain property (being a portion of 113 Prison Street) more particularly described in the Lease; and
>
> . . . .
>
> WHEREAS, the parties hereto desire to amend the Lease . . . by increasing the amount of space subject to the Lease, upon the following terms and conditions;
>
> NOW, THEREFORE, the parties hereto hereby mutually covenant and agree to amend the Lease as follows:
>
> 1. Increase in Leased Area.
>
>     a. Lessee shall increase the area of its Premises by an additional 3,192 square feet, more or less, currently leased to Lin Wa Cruises, being the remaining 50% of the land area currently leased to Lessee, situate at 113 Prison Street and 602 Front Street, Lahaina, Hawaii 96761. The Premises now consists of all that certain property situate at 113 Prison Street and 602 Front Street, Lahaina, Hawaii 96761, containing an area of 6,384 square feet, more or less, bearing Tax Map Key No. (2) 4-6-008-047. Exhibit "A" attached to the lease is deleted in its entirety and a new Exhibit "A" is attached hereto and made a part hereof.

---

[2] After the number, there is an abbreviation or symbol that, in context, appears to mean square feet.

Exhibit "A" to the Amendment contains a metes and bounds property description, rather than a map, which appears to describe the entire parcel.

Section 1.b. of the Amendment is entitled "<u>Required Improvements</u>" and requires that the Lessee, at a minimum, make improvements including interior renovation and painting, exterior renovation, flooring improvements, air conditioning, general repairs, and an upgrade of the 100 amp electrical service to 200 amp service.

The other sections of the Amendment extend the term of the Lease, increase the Basic Rent (with a temporary reduction in consideration of the improvements), increase the lessee's pro rata share of expenses,[3] amend the security deposit, amend the use of the Premises to include "office,"[4] add a section to the Lease regarding observance of setback lines, delete the "As Is" provision of the Lease and replace it with a "good care" provision, add a section requiring landscaping, amend the addendum regarding Assignment and Subletting, and amend the Option to Extend Addendum to allow two ten-year extensions, rather than two five-year extensions.

Upon careful review of the entire Amendment, as well as the entire Lease, we conclude that there is no ambiguity. The

---

[3] Under the original Lease, the lessee was required to pay 50% of, for example, all taxes assessed against the Premises or any parcel of land of which the Premises may be a part. Under the Amendment, this was increased to 100%.

[4] This part of the Amendment also adds reference to consent not being unreasonably withheld. Although the context of this amendment is somewhat unclear, it does not affect the nature of the lease or the leased premises.

7

original Lease leased a portion of a lot, including land and building, and the Amendment increased the leased area to include the rest of the lot.

SGG argues that the amended Exhibit "A," which does not reference any building or improvement, either is indicative of a ground lease or an ambiguity. This argument is without merit. Neither the original Exhibit "A" to the Lease nor the new Exhibit "A" to the Amendment reference the building. The recitals and section 1.a. of the Amendment clearly and unambiguously state an increase to the leased premises. Subsection 1.b. of the Amendment, part of the same section as the description of the increase in leased area stated in section 1.a. of the Amendment, clearly and unambiguously details improvements to be made to the leased building. Nothing in the Amendment purports to convert a commercial lease into a ground lease. Many of the original terms of the Lease, which were not amended or deleted by the Amendment, are indicative of a commercial lease for land and building.

Finally, we reject SGG's contention that the new ten-year term, and the two ten-year option periods, which are longer than the previous five-year options, are indicative of a ground lease. We decline to speculate as to the reason(s) for the new term and extended option period (although it appears to be undisputed that the new term and extended options allow SGG more time to earn a return on the required improvements), but nothing in these provisions creates an ambiguity or is inconsistent with a commercial lease, i.e., a lease for land and building, or yields an absurd and unjust result.

Accordingly, as the Lease, as amended by the Amendment, is not ambiguous, we conclude that the Circuit Court did not err in relying solely on the language of the parties' agreement and excluding extrinsic evidence of the parties' intent at the time the Amendment was executed. For the reasons discussed above, we further conclude that the Circuit Court did not err in granting summary judgment in favor of Ebbo and against SGG.

Therefore, the Circuit Court's March 15, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, May 31, 2019.

Presiding Judge

Associate Judge

Associate Judge

On the briefs:

William Meheula,
Terrence M. Lee,
Natasha Baldauf,
(Sullivan Meheula Lee, LLLP)
for Defendants-Appellants.

James H.Q. Lee
Thomas J. Wong,
(Devens, Nakano, Saito, Lee,
Wong & Ching)
for Plaintiffs-Appellees.